# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10836
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 16, 2017

Lyle W. Cayce
Clerk

JAMES RANDELL HALL,

Plaintiff-Appellant

v.

ABILENE'S TASK FORCE; KIRK WHITEHURST; WAYNE COCKERHAM; ABILENE ADULT DETENTION; SHAY BAILEY,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:13-CV-178

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges

PER CURIAM:[*]

James Randell Hall, proceeding pro se and in forma pauperis, filed the instant 42 U.S.C. § 1983 complaint against the Abilene Task Force (Task Force) and the Taylor County Adult Detention Center (TCADC), as well as Kirk Whitehurst, Wayne Cockerham, and Shay Bailey, law enforcement

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10836

officers who effected the arrest of Hall that gave rise to his lawsuit.[1]  The district court liberally construed Hall's pleadings as asserting claims for:  (1) excessive force; (2) denial/delay of medical treatment; (3) false arrest; (4) unreasonable search and seizure; (5) and conspiracy to convict.  Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the district court dismissed Hall's claims for false arrest, unreasonable search and seizure, and conspiracy to convict for failure to state a claim for which relief could be granted.  It granted summary judgment on the remaining claims on the grounds that Hall had failed to allege that the TCADC had a policy or custom of delaying or denying medical treatment and the individual defendants were entitled to qualified immunity on Hall's claims of excessive force and denial of medical treatment.

On appeal, Hall fails to address the district court's reasons for dismissing his claims of false arrest, unlawful search and seizure, and conspiracy to convict.  His arguments regarding the district court's grant of summary judgment as to his claims regarding the delay and denial of medical care are conclusional and presented for the first time in his reply brief.  Accordingly, Hall has abandoned any challenge to the district court's disposition of those claims.  *See Morin v. Moore*, 309 F.3d 316, 328 (5th Cir. 2002); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Although the district court granted summary judgment on Hall's excessive force claims on the grounds that the individual defendants were entitled to qualified immunity, this court may affirm the district court's judgment with respect to those claims on any basis supported by the record.  *See Performance Autoplex II, Ltd. v. Mid-Continent Casualty Company*, 322 F.3d 847, 853 (5th Cir. 2003).  Moreover, we need not resolve the issue of

---

[1] Hall incorrectly identified the TCADC in his complaint as the Abilene Adult Detention Center.

No. 15-10836

qualified immunity where an appellant's claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-97 (1994). *See Connors v. Graves*, 538 F.3d 373, 378 (5th Cir. 2008). An excessive force claim is *Heck*-barred if the plaintiff's factual allegations supporting the claim are necessarily inconsistent with the validity of the conviction. *Bush v. Strain*, 513 F.3d 492, 497-98 & n.14 (5th Cir. 2008); *see DeLeon v. City of Corpus Christi*, 488 F.3d 649, 656-57 (5th Cir. 2007) (holding that excessive force claim was barred under *Heck* where plaintiff's version of events in complaint was inconsistent with his conviction).

Hall was convicted of the offense of evading arrest or detention with a vehicle. *See Hall v. State*, No. 11-14-00117-CR, 2016 WL 1725432, at *1 (Tex. App. Apr. 21, 2016). His conviction for evading arrest was affirmed on appeal. *Id.* at *3. "[T]he offense of evading arrest or detention with a vehicle is a circumstances-surrounding-the-conduct offense; the act of fleeing becomes criminal only because of the actor's knowledge that a peace officer is attempting lawfully to arrest or detain the actor." *Riggs v. State*, 482 S.W.3d 270, 275 (Tex. App. 2016).

Here, the allegations in Hall's complaint, as amended, contradict the facts supporting his conviction for evading arrest and, therefore, if credited, would necessarily imply that his conviction is invalid. Like the plaintiff in *DeLeon*, 488 F.3d at 656-57, Hall continues to maintain his innocence but has not alleged that his evading arrest conviction has been reversed or invalidated in any manner. Moreover, he does not assert that the officers' use of force was temporally or conceptually distinct from his offense of conviction. To the contrary, he alleges a continuous series of events that culminated in his arrest and a contemporaneous beating. Thus, his excessive force claims are barred by *Heck* and subject to dismissal with prejudice until his conviction has been reversed or invalidated. *DeLeon*, 488 F.3d at 656-57.

No. 15-10836

The judgment of the district court is AFFIRMED. Hall's motions for appointment of counsel and discretionary review are DENIED.