

# IN THE
## TENTH COURT OF APPEALS

### No. 10-16-00144-CR

**KRISTI DAWN BARRETT,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 40th District Court
Ellis County, Texas
Trial Court No. 39,903CR**

## MEMORANDUM  OPINION

A jury convicted Appellant Kristi Dawn Barrett of Driving While Intoxicated Third or More and she was assessed a sentence of eight years' incarceration.  Barrett presents one issue on appeal.  We will affirm.

Barrett asserts that the trial court erred by failing to instruct the jury at punishment that they could consider extraneous offenses and bad acts only if they were proven beyond a reasonable doubt.  Barrett did not object to the charge given by the trial court. The extraneous bad acts were presented by the State through the testimony of Jo Beth

Vines, Barrett's probation officer. Vines testified about the underlying facts of Barrett's first DWI conviction for which she received a probated sentence. Barrett was convicted in that case of a felony because her two-year-old daughter was also in the car. Vines testified that Barrett continued to use alcohol while she had been released on bond, after she had been placed on probation, and while she was pregnant. Vines further informed the jury of the various sanctions that were imposed against Barrett for her violations of the terms of her probation, even though her probation was never revoked.

A claim of jury-charge error is reviewed using the procedure set out in *Almanza*. *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g). The first step is to determine whether there is error in the charge. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). Only if we find error, do we then analyze that error for harm. *Id*. If there is no error, our analysis ends. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). If an error was properly preserved by objection, reversal will be necessary if the error is not harmless. *Almanza*, 686 S.W.2d at 171; *see also Brock v. State*, 495 S.W.3d 1, 13 (Tex. App.—Waco 2016, pet. ref'd). Conversely, if error was not preserved at trial by a proper objection, a reversal will be granted only if the error presents egregious harm, meaning a defendant did not receive a fair and impartial trial. *Id*. An egregious harm determination must be based on a finding of actual rather than theoretical harm. *Cosio v. State*, 353 S.W.3d 766, 777 (Tex. Crim. App. 2011). Jury-charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory.

*Riggs v. State*, 482 S.W.3d 270, 273 (Tex. App.—Waco 2015, pet. ref'd). In determining whether egregious harm has occurred, we assess the degree of harm in light of the entire jury charge, the state of the evidence, including the contested issues and the weight of probative evidence, the argument of counsel, and all other relevant information revealed by the record as a whole. *Id*.

The trial court must instruct the jury that extraneous offense or bad-act evidence may not be considered in assessing punishment until the jury is satisfied beyond a reasonable doubt that the extraneous offense or bad act is attributable to the defendant. TEX. CODE CRIM. PROC. art. 37.07, § 3(a) (West Supp. 2017);[1] *Delgado v. State*, 235 S.W.3d 244, 252 (Tex. Crim. App. 2007); *Huizar v. State*, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000) (op. on reh'g). We hold that the trial court erred in failing to include a reasonable-doubt instruction in relation to the extraneous bad-act evidence introduced by the State at punishment. The issue before us is whether Barrett was egregiously harmed by the lack of such an instruction.

Vines provided clear evidence of Barrett's repeated failure to comply with the terms of her probation due to her continued alcohol use. Barrett's counsel did not present any evidence challenging Vines' testimony, but Barrett's mother, Pat Barrett, testified on her behalf. Pat told the jury that Barrett had made great improvements in the past year.

---

[1] Art. 37.07 has been amended since the time of Barrett's sentencing, but the amendment does not affect her appeal.

However, Pat also testified that she had paid to have an alcohol monitor placed on Barrett's car because she was concerned about her driving while drinking with the children in the car, but that Barrett had removed it. Pat also admitted that she previously wrote to the prosecutor's office to request that they force Barrett into an inpatient rehabilitation facility. Pat further admitted that she had called the police on one occasion due to concerns that Barrett was driving while intoxicated with the children in the car, leading to Barrett's second DWI conviction. Finally, Pat testified that Barrett had lost custody of her three oldest children because of her alcohol abuse. Despite the lack of a reasonable-doubt instruction in the jury charge, the evidence introduced at punishment was largely undisputed and was no more damaging than the evidence introduced at the guilt phase.[2] Additionally, the court's charge at guilt-innocence included an instruction on reasonable doubt and the State's burden of proof. Both the State and defense counsel included the State's burden of beyond a reasonable doubt in their closing arguments.

In closing arguments at punishment, the State did not argue that the maximum sentence was appropriate, but provided multiple reasons besides the extraneous acts for

---

[2] At the guilt phase, numerous witnesses identified Barrett as the driver of a vehicle that ended in a ditch. The witnesses testified that they smelled alcohol on Barrett and that they saw her trying to remove alcohol from the vehicle. Barrett also asked passersby to take the alcohol from her vehicle and hide it, and she asked one witness to say that she had been driving Barrett's vehicle. Witnesses also saw Barrett flee from the vehicle when sirens were heard. Investigating officers saw alcohol in plain view in the vehicle, including a still chilled beer, and paperwork in Barrett's name. Officers testified that Barrett had slurred speech, glassy eyes, balance problems and that she smelled strongly of alcohol. Barrett's blood sample contained .204 grams of alcohol per 100 ml of blood. The evidence also included Barrett's two previous DWI convictions.

a sentence beyond the minimum. The prosecutor urged the jury to consider the evidence presented during the guilt phase, including Barrett's failure to cooperate with law enforcement, her attempts to elude arrest, and her two prior convictions for DWI, one while her two-year-old daughter was in the car. Finally, the State did not argue that the maximum sentence was appropriate in light of the fact that Barrett had never been to prison, but did argue that a sentence greater than the two-year minimum was appropriate in light of the danger she posed to others.

Defense counsel argued that Barrett had changed, as evidenced by her mother's testimony. Defense counsel additionally argued that the minimum sentence was appropriate because Barrett's probation had never been revoked, even though some sanctions had been imposed as a result of her violations. Barrett's attorney also argued that a two-year sentence was appropriate because Barrett needed help for her alcohol problem rather than a lengthy term of incarceration.

We conclude that a review of all of the relevant factors does not show that Barrett was egregiously harmed by the omission of a reasonable doubt instruction regarding the extraneous evidence of her continued alcohol use and her violations of probation. *See Huizar*, 29 S.W.3d at 250-51 (concluding that error in failing to instruct jury at punishment on reasonable doubt standard concerning extraneous offenses did not constitute egregious harm, even though State "relied on substantial evidence of extraneous conduct in seeking punishment," State "commented during the State's closing argument that the

State had no burden of proof during the punishment trial," and the jury assessed a 99-year punishment). The jury did not assess the maximum sentence, the jury was already informed of Barrett's two previous DWI convictions, one involving a child passenger, the jury knew that Barrett committed the present offense despite having been placed on probation twice before for the same behavior, and the jury knew of the extraordinary acts Barrett committed to avoid being arrested for her third DWI. The charge error did not affect the very basis of the case, deprive Barrett of a valuable right, or vitally affect a defensive theory. *Id*. Therefore, the trial court's error was not so egregious as to deprive Barrett of a fair and impartial trial. We overrule Barrett's single issue and affirm the trial court's judgment.

<div style="margin-left: 40%;">

REX D. DAVIS
Justice

</div>

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed June 27, 2018
Do not publish
[CR25]

