

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-17-00007-CR

_____

ERIC STEWART, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court No. 1449831D; Honorable Mollee Westfall, Presiding

September 25, 2018

## MEMORANDUM OPINION

Before CAMPBELL, PIRTLE, and PARKER, JJ.

Appellant, Eric Stewart, was convicted following a jury trial of evading arrest or detention while operating a motor vehicle.[1]  He was sentenced to confinement for eleven

---

[1] *See* TEX. PENAL CODE ANN. § 38.04(a), (b)(2)(a) (West 2016) (a felony of the third degree).  The State filed a repeat offender notice alleging Appellant had a prior felony conviction for burglary of a habitation enhancing his punishment to a felony of a second degree.  *See* TEX. PENAL CODE ANN. § 12.42(a) (West Supp. 2017).  Appellant plead "true" to the enhancement.

years and assessed a fine of $5,000. In a single issue, Appellant asserts the evidence was insufficient to convict.[2] We affirm.

BACKGROUND

In June 2016, an indictment issued alleging that on March 26, 2016, Appellant intentionally fled using a vehicle from Christopher Belcher knowing that he was a peace officer who was attempting to lawfully arrest or detain him. In November, a trial on the merits was held.[3]

The State's evidence established that on March 26 at 9:30 p.m., Officer Nicholas Guadarrama was working downtown when he heard an engine revving up behind him. When he turned around, he noticed a Ford Crown Victoria speeding with its headlights unilluminated. As it sped by, he observed a gold Lincoln Town Car attempting to overtake the Ford. Further down the street, he saw the Ford stop by the curb and the Lincoln pull in front to prevent the Ford from moving forward. The Ford then began traveling in reverse, spun around, and took off in the opposite direction with the Lincoln following. He observed at least one traffic violation per car and reported the incident to dispatch. He thought the two cars might be involved in a road rage situation.

---

[2] Originally appealed to the Second Court of Appeals, this appeal was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001 (West 2013). Should a conflict exist between the precedent of the Second Court of Appeals and this court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

[3] Prior to trial, the trial court consolidated this action with Case Number 1449808D wherein Appellant was charged with aggravated assault while using or exhibiting a deadly weapon arising out of the same incident. The jury subsequently returned a verdict of not guilty on the indictment in Case Number 1449808D.

Officers J. Macha and Christopher Belcher were on patrol[4] when they responded to a dispatch describing a woman screaming and two cars, a black and white Crown Victoria with its headlights unilluminated and a gold Lincoln Town Car, speeding and chasing each other. The officers headed in the direction of the call in their marked patrol car with their strobe lights in the front grill flashing red, blue, and white. Both officers were in uniform, wearing fully-equipped holsters and a badge.

Within minutes, they saw two cars matching the dispatcher's description. A woman was running from the direction of the Ford and began climbing onto a warehouse loading dock. Officer Macha initiated a stop by turning on the overhead emergency lights. Both the Ford and the Lincoln were facing the patrol car. The Ford was moving slowly in their direction.

The officers exited their patrol car together to investigate the incident.[5] The Ford slowed down as if it were going to stop and then suddenly accelerated toward them. Both officers immediately tried to re-enter their car. The Ford struck the passenger-side door when Officer Belcher's leg was between the door and its frame. After they were in the car, the officers began pursuit when they subsequently discovered the Ford out of commission on nearby railroad tracks. The door of the Ford opened, and the driver began running from them. The officers continued their pursuit on foot yelling, "Police, stop!" Eventually, the driver stopped, and they placed him under arrest.[6] The officers testified that they considered the driver of the Lincoln and the female detained when the overhead

---

[4] The officers were riding together as partners. Officer Macha was responsible for driving and Officer Belcher was responsible for operating the computer and doing call details. They worked together on calls, acting as a single unit.

[5] Their open car doors exhibited large, reflective stickers identifying the patrol car.

[6] At trial, both officers identified Appellant as the person they placed under arrest.

emergency lights were engaged in order for them to conduct an investigation into what they believed was a domestic disturbance in addition to numerous traffic violations.

Appellant's counsel sought to establish through cross-examination of the State's witnesses that Appellant did not intentionally strike the patrol car with the Ford because prior to the collision, he was looking away from the patrol car at his girlfriend. As soon as he was aware of its presence, he veered away from the patrol car to avoid a collision. His girlfriend also testified that Appellant was looking at her before he hit the patrol car. Officer Belcher, however, testified Appellant was looking at him prior to striking the patrol car. Upon submission, the jury found Appellant guilty of the offense of evading arrest or detention while operating a motor vehicle.

On appeal, Appellant contends that the evidence is insufficient to support his conviction for evading arrest or detention while operating a motor vehicle. In a single issue, he asserts that his conviction must be overturned because the indictment alleges that he fled from Officer Belcher, who was a passenger in the patrol car. He reasons that he cannot be convicted of fleeing from a passenger in a pursuing patrol car whom he did not know was present during his flight and who did not activate the overhead emergency lights.

STANDARD OF REVIEW AND APPLICABLE LAW

The only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense the State is required to prove beyond a reasonable doubt is the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 33 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Under that standard, in assessing the sufficiency of the

4

evidence to support a criminal conviction, this court considers all the evidence in the light most favorable to the verdict and determines whether, based on that evidence and reasonable inferences to be drawn therefrom, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 912. This standard gives full play to the responsibility of the trier of fact to resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319. *See Hooper v. State*, 214 S.W.3d 9, 15 (Tex. Crim. App. 2007).

Further, the trier of fact is the sole judge of the weight of the evidence and credibility of the witnesses; TEX. CODE CRIM. PROC. ANN. art. 38.04 (West 1979); *Margraves v. State*, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000), and we may not re-evaluate the weight and credibility determinations made by the fact finder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Thus, we resolve any inconsistencies in the evidence in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

The elements of evading arrest or detention while using a motor vehicle are (1) intentionally fleeing (2) from a person whom the defendant knows is a peace officer (3) trying to lawfully arrest or detain him, and (4) using a motor vehicle while in flight. *See* TEX. PENAL CODE ANN. § 38.04(a) (West 2016). The identity of the police officer is not an element of the offense. *Riggs v. State*, 482 S.W.3d 270, 276 (Tex. App.—Waco 2015, pet. ref'd). The intentionally fleeing party need only know that a peace officer was trying to lawfully arrest or detain him. *Rodriguez v. State*, 799 S.W.2d 301, 302-03 (Tex. Crim. App. 1990); *Thompson v. State*, 426 S.W.3d 206, 209 ((Tex. App.—Houston [1st Dist.] 2012, pet. ref'd). *See Dancy v. State*, No. 01-16-00145-CR, 2017 Tex. App. LEXIS 64,

5

at *3 (Tex. App.—Houston [1st Dist.] Jan. 5, 2017, no pet.) (mem. op., not designated for publication).

ANALYSIS

Appellant asserts that a reasonable fact finder could not have found beyond a reasonable doubt that he intentionally fled from Officer Belcher because he was a passenger in the patrol car whose presence Appellant did not discern, and the officer did not activate the overhead lights. We disagree.

Based on the evidence and reasonable inferences that may be drawn therefrom, the fact finder could have rationally found the essential elements of the offense of evading arrest or detention while operating a motor vehicle beyond a reasonable doubt. Viewing the evidence in a light most favorable to the judgment and deferring as we must to the fact finder's credibility assessments, the proof permitted the jury to find that Appellant fled from Officers Macha and Belcher knowing they were police officers because they were visible outside of their patrol car in full uniform, both reflective decals on their car doors identifying the vehicle as a patrol car were facing Appellant, and the car's overhead lights were flashing. *See Fernandez v. State*, No. 07-16-00420-CR, 2017 Tex. App. LEXIS 5315, at *5 (Tex. App.—Amarillo June 12, 2017, pet. ref'd) (mem. op., not designated for publication) ("Proof of the attempt of an officer in a police vehicle to arrest or detain a person generally consists of an officer displaying authority by use of overhead or emergency lights and siren."). *See also Moore v. State*, No. 02-09-00192-CR, 2010 Tex. App. LEXIS 9234, at *20-22 (Tex. App.—Fort Worth Nov. 18, 2010, pet. ref'd) (mem. op., not designated for publication) (that defendant drove toward patrol car after its overhead lights were engaged and continued to flee is sufficient evidence of an offense). "'Fleeing

6

is anything less than prompt compliance with an officer's direction to stop.'" *Fernandez*, 2017 Tex. App. LEXIS 5315, at *5 (quoting *Horne v. State*, 228 S.W.3d 442, 446 (Tex. App.—Texarkana 2007, no pet.)).

It is not an element of the offense that Appellant knew the identity or number of the occupants of the patrol car. § 38.04(a) (West 2016); *Riggs*, 482 S.W.3d at 276. Nor is it an element of the offense that the peace officer from which Appellant fled be the driver of the pursuing patrol car or the officer that activated its overhead lights. § 38.04(a) (West 2016). *See Dancy*, 2017 Tex. App. LEXIS 64, at *4-5; *Tillery v. State*, No., 05-04-00425-CR, 2005 Tex. App. LEXIS 549, at *2-4 (Tex. App.—Dallas Jan. 26, 2005, no pet.) (mem. op., not designated for publication) (proof was sufficient to show defendant fled from passenger of patrol car; offense of evading arrest or detention in motor vehicle does not require officer named as complainant in indictment to be the vehicle's driver). Whatever the number of officers Appellant thought were in the patrol car, the proof was sufficient to permit the fact finder to find that Appellant knew its occupants were peace officers trying to detain him. This knowledge suffices to support a conviction for evading arrest or detention while operating a motor vehicle. *See Dancy*, 2017 Tex. App. LEXIS at *5 (collected cases cited therein). Appellant's single issue is overruled.

CONCLUSION

The trial court's judgment is affirmed.


Patrick A. Pirtle
Justice


Do not publish.

7