

# NUMBER 13-18-00208-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

IVAN GUERRA BADILLO
A/K/A IVAN BADILLO,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

### On appeal from the 107th District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Longoria and Perkes
### Memorandum Opinion by Justice Longoria

A jury found appellant Ivan Guerra Badillo guilty of evading arrest with a vehicle, a third-degree felony. *See* TEX. PENAL CODE ANN. § 38.04(b)(2)(A) (West, Westlaw through Ch. 5 2019 R.S.). By one issue, Badillo argues that the jury charge contained error and caused him egregious harm. We affirm.

## I. BACKGROUND

The underlying facts are largely uncontested on appeal. On November 21, 2016, Alvaro Guerra, a Patrol Lieutenant at the Cameron County Sherriff's Department, saw Badillo driving down a farm-to-market road in Olmito, Texas. Badillo was allegedly driving 10 m.p.h. over the speed limit, so Guerra turned on his police lights to signal Badillo to pull over. About seventy-five seconds later, Badillo pulled over on the right-hand side of the road. Guerra arrested Badillo for evading arrest with a vehicle. *See id*.

At trial, Badillo requested that section five of the jury charge to appear before section four; the State had no objection to the requested change, and it was granted. Badillo made no other objections about the jury charge.

The jury found Badillo guilty of evading arrest with a vehicle and sentenced him to five years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. *See id*. This appeal ensued.

## II. JURY CHARGE ERROR

### A. Standard of Review and Applicable Law

In analyzing a jury charge issue, we first determine whether error exists. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005) (en banc). If error is found, we then analyze whether the error caused any harm. *Id.* If a defendant has properly objected to the charge, then reversal is required if "some harm" occurred. *Id.* But when the defendant fails to object, reversal is only required if the error was "so egregious and created such harm that the defendant has not had a fair and impartial trial." *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009).

We presume that jurors follow the trial court's instructions as presented. *See Kirsch v. State*, 306 S.W. 3d738, 748 n.33 (Tex. Crim. App. 2010); *Thrift v. State*, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005). "Where the application paragraph correctly instructs the jury, an error in the abstract instruction is not egregious." *Gilbert v. State*, 494 S.W.3d 758, 768 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (quoting *Medina v. State*, 7 S.W.3d 633, 640 (Tex. Crim. App. 1999) (en banc)); *Riggs v. State*, 482 S.W.3d 270, 276 (Tex. App.—Waco 2015, pet. ref'd).

## B. Analysis

Badillo did not object to the jury charge on the grounds raised on appeal. Therefore, Badillo must show that any alleged jury charge error egregiously harmed him. *See Gilbert*, 494 S.W.3d at 768.

Badillo argues on appeal that the trial court "failed to properly tailor the definitions to the applicable conduct elements for the crime of evading arrest with a motor vehicle." More specifically, Badillo argues that evading arrest with a motor vehicle focuses on the nature of the actor's conduct and the circumstances surrounding his conduct but it does not focus on the result of the actor's conduct. In the present case, the jury charge defined "intentionally" and "knowingly" as follows:

> A person acts intentionally, or with intent, with respect to the nature of his conduct *or to a result of his conduct* when it is his conscious objective or desire to engage in that conduct *or cause the result*.

> A person acts knowingly, or with knowledge, *with respect to the nature of his conduct or* to the circumstances surrounding his conduct when he is aware *of the nature of his conduct or* that the circumstances exist. *A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.*

3

(Emphasis added). This tracks the definitions of "intentionally" and "knowingly" as provided in Texas Penal Code § 6.03. *See* TEX. PENAL CODE ANN. § 6.03 (West, Westlaw through Ch. 5 2019 R.S.). However, Badillo contends that the trial court erred by including the "result of the actor's conduct" language; he further argues that the trial court erred by including the phrase "nature of his conduct" in defining knowingly. Thus, Badillo argues that all of the italicized portions of the jury charge above should have been removed.

We agree that it was error to include the full statutory definitions of "intentionally" and "knowingly" in this case because evading arrest with a motor vehicle is a circumstances-surrounding-the-conduct offense, not a result-oriented offense. *See Hughes v. State*, 897 S.W.2d 285, 295 (Tex. Crim. App. 1994) (holding that, when charged offense does not include particular conduct element, it is error for the charge to contain a definition of the culpable mental state for that conduct element); *Riggs*, 482 S.W.3d at 276 ("[W]e find that the offense of evading arrest or detention also includes two, and only two, conduct elements: 'nature of the conduct[,]' which applies to the element of intentionally fleeing[,] and 'circumstances surrounding the conduct[,]' which applies to the element of knowledge that a peace officer is attempting lawfully to arrest or detain the person."). Having found error, we must now decide if that error was so egregious as to prevent Badillo from having a fair trial. *See Barrios*, 283 S.W.3d at 350.

The application paragraph of the jury charge properly instructed the jury that it could only find Badillo guilty if it found that "Badillo, did then and there, while using a vehicle, intentionally flee from Alvaro Guerra, a person the defendant knew was a peace officer who was attempting lawfully to arrest or detain the defendant." Errors in the abstract instruction of the jury charge are not egregious if the application paragraph

4

properly instructs the jury. *See Medina*, 7 S.W.3d at 640; *Gilbert*, 494 S.W.3d at 768; *Reed v. State*, 421 S.W.3d 24, 30 (Tex. App.—Waco 2013, pet. ref'd); *see also Trejo v. State*, No. 13-16-00432-CR, 2018 WL 5534107, at *10 (Tex. App.—Corpus Christi Oct. 25, 2018, pet. ref'd) (mem. op., not designated for publication).

Even *Riggs*, the case that Badillo primarily relies upon, supports the conclusion that there is no egregious harm here. *See Riggs*, 482 S.W.3d at 276. In *Riggs*, the defendant was convicted of evading arrest with a motor vehicle. *See id*. at 272. Similar to the present case, the court in *Riggs* found that "it was error for the trial court to include the result-of-the-conduct element in its definitions of the culpable mental states of intentionally and knowingly in the abstract portion of the charge." *Id*. at 275. But the court in *Riggs* ultimately concluded that the error was not egregious, reasoning:

> Here, the charge set out the elements of the offense and then applied those elements to the facts of the case. Although the definitions of "intentionally" and "knowingly" set forth the three alternative conduct elements, when those terms are viewed in their factual context, it was apparent which conduct element applied to which element of the offense. For instance, the application paragraph stated that Riggs "did intentionally flee" from a "City of Hillsboro, Texas Police Officer." Referring back to the definitions of the culpable mental states, it can be determined that Riggs's act of fleeing is not a result of his conduct and thus the applicable portion of the "intentionally" definition is the nature of Riggs's conduct. Further, it can be determined that Riggs's knowledge that the "Hillsboro, Texas Police Officer" "was a peace officer, who was attempting to lawfully arrest or detain" Riggs; and thus, the applicable portion of the "knowingly" definition is the circumstances surrounding Riggs's conduct.

*Id*. at 275–76. The application portion of the jury charge in the present case is similarly worded to the application portion of the jury charge in *Riggs*. *Id*. Therefore, we conclude that the error did not result in egregious harm because the application paragraph correctly instructed the jury. *See Medina*, 7 S.W.3d at 640; *Gilbert*, 494 S.W.3d at 768; *Riggs*, 482 S.W.3d at 276; *Reed*, 421 S.W.3d at 30. We overrule Badillo's sole issue.

5

## III. Conclusion

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
23rd day of May, 2019.

6