

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00439-CR

———————————————

JB JOHNSON, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 4
Tarrant County, Texas
Trial Court No. 1808923

Before Sudderth, C.J.; Kerr and Womack, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

### I. INTRODUCTION

Appellant JB Johnson appeals his conviction for evading arrest or detention with a vehicle. He argues in a single issue that the trial court erred by failing to include the Penal Code definition of "knowingly" in its jury charge. *See* Tex. Penal Code Ann. § 6.03(b). Because the complained-of error was harmless, we affirm.

### II. BACKGROUND

In January 2024, Johnson led police on a high-speed car chase through the streets of Fort Worth after officers tried to pull over the U-Haul van that he was driving. The chase began at approximately 1:00 a.m. after Fort Worth Police Officer Christopher Cherry and his patrol partner saw Johnson commit a number of traffic violations, including speeding and running stop signs.[1] Johnson failed to stop his vehicle even though Officer Cherry's marked patrol vehicle was traveling "quite close" behind him with its overhead lights and sirens activated. The chase reached speeds in excess of 100 miles per hour on roads where the maximum speed limit is

---

[1]Officer Cherry testified that he first began following Johnson's U-Haul van because such vehicles are often used in crimes, because the vehicle was spotted in a high-crime area, and because people do not typically move at 1:00 a.m. But the high-speed chase did not begin in earnest until Officer Cherry had observed Johnson commit several traffic violations.

only 35 miles per hour. After Johnson eventually pulled over, officers conducted a "felony stop"[2] and took Johnson into custody.

Johnson was indicted for evading arrest or detention with a vehicle. *See* Tex. Penal Code Ann. § 38.04(a), (b)(2)(A). The indictment included a habitual-offender notice alleging that Johnson had been convicted of two prior and sequential felonies, raising the punishment range for his offense to twenty-five to ninety-nine years or life in prison. *See id.* § 12.42(d). Johnson pleaded "not guilty," and a jury trial was held. After hearing all the evidence, the jury found Johnson guilty. At the start of the trial's punishment phase, Johnson pleaded "not true" to the indictment's habitual-offender allegations. Finding the habitual-offender allegations to be true, the jury assessed Johnson's punishment at thirty-seven years in prison. The trial court sentenced Johnson accordingly. This appeal followed.

## III. DISCUSSION

In his sole issue, Johnson argues that the trial court erred by failing to include the statutory definition of "knowingly" in the jury charge. Although the State

---

[2]Officer Cherry explained that when conducting a felony (or high-risk) stop, officers "fan out and cover the car" and instruct the vehicle's occupants to "step out one at a time." To ensure that the occupants have no weapons, officers instruct them to "pull up their shirt" and "do a spin" after they step out of the vehicle. *See Perales v. State*, No. 13-12-00132-CR, 2013 WL 2298443, at *1 n.1 (Tex. App.—Corpus Christi–Edinburg May 23, 2013, no pet.) (mem. op., not designated for publication) (describing felony stop).

concedes that the definition should have been included,[3] it contends that we should nevertheless overrule Johson's sole issue because the error was harmless. We agree with the State.

## A. Standard of Review

We must review "all alleged jury-charge error . . . regardless of preservation in the trial court." *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). In reviewing a jury charge, we first determine whether error occurred; if not, our analysis ends. *Id.* However, if the charge is erroneous, then we must decide whether the appellant was harmed. *Wooten v. State*, 400 S.W.3d 601, 606 (Tex. Crim. App. 2013); *see Ngo v. State*, 175 S.W.3d 738, 744 (Tex. Crim. App. 2005). The standard of review to be applied in assessing harm depends on whether the defendant preserved the error. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). If a defendant timely objects to alleged jury-charge error, the record need only

---

[3]The State concedes that Johnson was entitled to an instruction on the statutory definition of the word "knowingly" only as it related to the *circumstances surrounding* his conduct, not as it related to the *nature of* his conduct. We agree that the charge should have included only the portion of the statutory definition pertaining to the circumstances surrounding Johnson's conduct. *See Badillo v. State*, No. 13-18-00208-CR, 2019 WL 2221679, at *2 (Tex. App.—Corpus Christi–Edinburg May 23, 2019, pet. ref'd) (mem. op., not designated for publication); *see also Riggs v. State*, 482 S.W.3d 270, 276 (Tex. App.—Waco 2015 pet. ref'd) (recognizing that when a defendant is charged with evading arrest or detention with a vehicle, the applicable portion of the statutory "knowingly" definition is the circumstances surrounding the defendant's conduct).

4

show "some harm" to warrant relief. *Id.* But in the absence of a timely objection, the record must show "egregious harm." *Id.*

**B. Charge Error**

The trial court is required to give the jury a written charge that, among other things, "set[s] forth the law applicable to the case." Tex. Code Crim. Proc. Ann. art. 36.14. The "law applicable to the case" includes "statutory definitions that affect the meaning of the elements of the offense." *Ouellette v. State*, 353 S.W.3d 868, 870 (Tex. Crim. App. 2011); *see Watson v. State*, 548 S.W.2d 676, 679 n.3 (Tex. Crim. App. 1977) ("The trial court should always include the statutory definitions in its jury instructions where applicable.").

To establish that Johnson had committed the charged evading-arrest-or-detention-with-a-vehicle offense, the State had to prove the following elements: (1) Johnson (2) intentionally fled (3) from a peace officer (4) with knowledge that he was a peace officer, (5) with knowledge that the peace officer was attempting to arrest or detain him, and (6) the attempted arrest or detention was lawful. *Nicholson v. State*, 682 S.W.3d 238, 245 (Tex. Crim. App. 2024); *see* Tex. Penal Code Ann. § 38.04(a). Because the fourth and fifth elements require knowledge, the trial court was obligated to provide in the jury charge the statutory definition of "knowingly" or "with knowledge" as it related to the circumstances of Johnson's conduct. *See Saucedo v. State*, No. 11-22-00227-CR, 2024 WL 1447285, at *2 (Tex. App.—Eastland Apr. 4, 2024, no pet.) (mem. op., not designated for publication); *Vargas v. State*, No. 10-20-

5

00097-CR, 2021 WL 299088, at \*7 (Tex. App.—Waco Jan. 27, 2021, no pet.) (mem. op., not designated for publication); *Ester v. State*, 151 S.W.3d 660, 664 (Tex. App.—Waco 2004, no pet.); *see also Badillo*, 2019 WL 2221679, at \*2 (holding that when a defendant is charged with evading arrest with a motor vehicle, only the circumstances-surrounding-the-conduct portion of the statutory definition of "knowingly" should be included in the jury charge). Thus, the trial court's failure to define "knowingly" in the jury charge was error. *See Ester*, 151 S.W.3d at 664.

## C.  Harm Analysis

Having concluded that the charge was erroneous, we must determine whether Johnson was harmed. *Wooten*, 400 S.W.3d at 606; *see also Mosley v. State*, 686 S.W.2d 180, 182 (Tex. Crim. App. 1985) (explaining that if a jury charge fails to include a required statutory definition, the "omission of such definition must still be examined in light of the entire record of the case to determine whether the accused has been harmed by the omission"). Because Johnson specifically asked the trial court to include the statutory definition of "knowingly" in the charge and the trial court denied his request, he is entitled to reversal if the record shows that he suffered "some harm"—i.e., that "the error [was] not harmless." *Almanza*, 686 S.W.2d at 171. Reversal is required only if Johnson suffered some actual, rather than merely theoretical, harm from the error. *Jordan v. State*, 593 S.W.3d 340, 347 (Tex. Crim. App. 2020). The harm analysis requires consideration of (1) the jury charge as a whole, (2) the arguments of counsel, (3) the entirety of the evidence, and (4) any other

6

relevant factors present in the record. *Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013).

Looking at the jury charge as a whole, it properly instructed the jurors (1) that "[a] person commits the offense of **'Evading Arrest or Detention'** if he intentionally flees from a person he *knows* is a peace officer attempting lawfully to arrest or detain him and the actor uses a vehicle while the actor is in flight" and (2) that they could find Johnson guilty only if they found "from the evidence beyond a reasonable doubt that . . . Johnson . . . intentionally fle[d], using a vehicle, from [Officer] Cherry *knowing* [Officer] Cherry was a peace officer who was attempting to lawfully arrest or detain [him]." [Emphasis added.] Because the charge did not include the statutory definition, we assume that the jury applied the commonly understood meaning of "knows" and "knowing." *See Olveda v. State*, 650 S.W.2d 408, 409 (Tex. Crim. App. 1983); *see also Saucedo*, 2024 WL 1447285, at *3 ("[E]ven though there is a special definition in law, the definition of 'knowingly' is among terms commonly used, 'simple in themselves.'" (quoting *Druery v. State*, 225 S.W.3d 491, 509 (Tex. Crim. App. 2007))). And the statutory definition of "knowingly" does not substantially differ from the commonly understood meaning of "know." *Mathis v. State*, 858 S.W.2d 621, 622 (Tex. App.—Fort Worth 1993, pet. ref'd); *compare* Tex. Penal Code Ann. § 6.03(b) (providing that a person "acts knowingly . . . with respect to the . . . circumstances surrounding his conduct when he is aware . . . that the circumstances exist"), *with Know*, Merriam-Webster's Online Dictionary, https://www.merriam-webster.com/dictionary/know

(last visited November 21, 2025) (defining "know," in relevant part, as "to be aware of the truth or factuality of"). Thus, "even without a specific definition in the jury charge, a reasonable juror could understand the meaning of 'know.'" *Toler v. State*, No. 04-24-00357-CR, 2025 WL 2408737, at *7 (Tex. App.—San Antonio Aug. 20, 2025, no pet.) (mem. op., not designated for publication).

Because the jury charge properly instructed the jury regarding the elements of the charged offense—including the two knowledge elements—and how to apply those elements to the facts of the case and because "know" is a simple word with a commonly understood meaning that is similar to the statutory definition of "knowingly," we conclude that the jury charge as a whole does not show harm. *See Saucedo*, 2024 WL 1447285, at *4; *cf. Hudson v. State*, No. 01-89-01108-CR, 1990 WL 68388, at *1 (Tex. App.—Houston [1st Dist.] May 24, 1990, no pet.) (not designated for publication) (holding that trial court's failure to include statutory definitions of "entry" and "notice" in jury-charge instructions regarding criminal-trespass offense was harmless because, inter alia, the appellant had failed to show "that the jury was confused about the definitions[] or would have benefitted from the definitions").

Likewise, the arguments of counsel do not show that Johnson suffered any harm from the trial court's failure to include the statutory definition of "knowingly" in the charge. In his opening statement and closing argument, Johnson's counsel did not assert that Johnson had been unaware either that Officer Cherry and his partner were

8

police officers or that they had been attempting to arrest or detain him. Rather, his argument focused on whether Officer Cherry and his partner had had probable cause to detain Johnson and whether Johnson had intentionally fled from the officers.[4] And the State did not improperly argue that the jury need not find beyond a reasonable doubt that Johnson had known that a police officer was attempting to arrest or detain him; rather, the State explicitly acknowledged the offense's knowledge elements in its opening statement and closing argument. *Cf. Vargas*, 2021 WL 299088, at *8 (holding that arguments of counsel weighed against finding of egregious harm because "neither the State nor [the appellant] argued that [the appellant] was unaware that a peace officer was attempting to arrest or detain him" and because "the State offered no improper argument to the jury that [it] need not find beyond a reasonable doubt that [the appellant] knew a peace officer was attempting to arrest or detain him").

Further, the entirety of the evidence does not reveal that Johnson suffered harm. Officer Cherry testified that he was closely following Johnson's vehicle with his "very bright" lights and "very loud" sirens activated for some time before Johnson finally pulled over. Dashcam footage from Officer Cherry's vehicle showed

---

[4]Notably, at the charge conference, Johnson's counsel did not argue that the statutory definition of "knowingly" should be included in the charge because the jury was likely to be confused about the definition as it applied to the offense's knowledge elements. Rather, he requested that the definitions of "knowingly," "recklessly," and "with criminal negligence" be included so that the jury could "compare" these definitions with the charge's definition of "intentionally," thereby highlighting the fact that "intentionally" is "the highest mens rea."

Johnson's attempts to evade him. Thus, the evidence strongly indicates that Johnson knew that peace officers were attempting to arrest or detain him. *See Saucedo*, 2024 WL 1447285, at \*4 (holding that "the evidence strongly indicate[d] that [a]ppellant knew that peace officers were attempting to arrest or detain him" because, inter alia, dashcam and bodycam footage showed his evasion of police and he had been pursued by police vehicles with their lights and sirens activated). Accordingly, this factor does not show harm. *Cf. id.* (holding that the entirety of the evidence weighed against a finding that charge's omission of statutory definition of "knowingly" was egregiously harmful because the evidence overwhelmingly showed that the appellant knew that officers were attempting to arrest or detain him).

In sum, after considering the entire record, including the jury charge as a whole, the arguments of counsel, and the entirety of the evidence, we cannot conclude that Johnson was harmed by the trial court's failure to include the statutory definition of "knowingly" in the jury charge. Accordingly, we overrule Johnson's sole issue.

## IV. CONCLUSION

Having overruled Johnson's sole issue, we affirm the trial court's judgment.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: November 26, 2025