**Sean Jeffrey FOSTER, Appellant**

v.

**The STATE of Texas, Appellee**

**No. 10-16-00164-CR**

Court of Appeals of Texas, Waco.

Opinion delivered and filed September 13, 2017

Attorney for Appellant/Relator: Stan Schwieger, Law Office of Stan Schwieger, Waco, TX

Attorneys for Appellees/Respondents: Abel Reyna, McLennan County District Attorney, Waco, TX, Andrew Erwin, McLennan County Asst. District Attorney, Waco, TX

Before Chief Justice Gray, Justice Davis, and Justice Scoggins

## OPINION

TOM GRAY, Chief Justice

Sean Jeffrey Foster was convicted of one count of Burglary of a Habitation (Count I), three counts of Indecency with a Child by Contact (Counts II, III, and IV), and one count of Indecency with a Child by Exposure (Count V). *See* TEX. PENAL CODE ANN. §§ 30.02; 21.11(a)(1); 21.11(a)(2)(B) (West 2011). He was sentenced to 30 years in prison in Count I, 15 years in prison in each of Counts II-IV,

and 10 years in prison in Count V. Because the error in the court's charge to the jury in the punishment phase of the trial did not egregiously harm Foster, we affirm the trial court's judgments regarding Counts II through V.[1]

### JURY CHARGE ERROR

In his sole issue, Foster contends the trial court's inclusion of special issues in the court's charge to the jury at punishment caused him egregious harm. On each verdict form regarding Counts II, III, IV, and V, the jury was asked

Do you find from the evidence beyond a reasonable doubt that at the time of the commission of the offense, [specific offense charged], as alleged in [corresponding count] of the indictment, that M L M was a child under fourteen (14) years of age?

The jury answered, "We do," each time the question was asked. Prior to the verdict forms, the jury was instructed, "it is the law in the State of Texas that if the victim is under the age of fourteen (14) years at the time of the offenses, the Defendant is not eligible for probation." Foster does not take issue with this instruction.

■ A claim of jury-charge error is reviewed using the procedure set out in *Almanza*. *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). All jury-charge errors, including errors in the verdict form, are cognizable on appeal under *Almanza*. *Jennings v. State*, 302 S.W.3d 306, 311 (Tex. Crim. App. 2010). If error is found, we then analyze that error for harm. *Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003); *Riggs v. State*, 482 S.W.3d 270, 273 (Tex. App.—Waco 2015, pet. ref'd).

---

1. Count I was severed from this appellate case number and assigned 10-17-00188-CR as its case number on appeal. *See Foster v. State,*

Nos. 10-16-00164-CR & 10-17-00188-CR (Tex. App.—Waco, June 14, 2017, order) (not designated for publication).

### Error

■ Foster contends that Texas law does not allow the submission of special issues in criminal cases; thus, the trial court's submission of the special issues in this case was error. Article 37.07(1)(a) of the Code of Criminal Procedure requires jury verdicts to be general. TEX. CODE CRIM. PROC. ANN. art. 37.07(1)(a) (West 2006). There is no distinction in the statute between a verdict on guilt/innocence or a verdict on punishment. The Court of Criminal Appeals has said, "as was stated in *Stewart v. State*, 686 S.W.2d 118, 124 (Tex. Cr. App. 1984), '[o]ther than the [death penalty related findings] provisions in Article 37.071, V.A.C.C.P., Texas jurisprudence has no authority allowing the submission of special issues to a jury in a criminal case.'" *Harris v. State*, 790 S.W.2d 568, 579 (Tex. Crim. App. 1989); *Stewart v. State*, 686 S.W.2d 118, 124 (Tex. Crim. App. 1984) (en banc). However, the Court also stated that it did not mean "a special issue could never be constitutionally necessary despite the statutory prohibition of Article 37.07(1)(a)." *Harris*, 790 S.W.2d at 579–80. Special issues have been properly used for purposes of making an affirmative finding regarding whether a deadly weapon was used in the commission of an offense. *See Hill v. State*, 913 S.W.2d 581, 584 (Tex. Crim. App. 1996) (en banc).

The State argues that the Court of Criminal Appeals has authorized the use of special issues in the punishment phase of the trial regarding probation eligibility. *See Polk v. State*, 693 S.W.2d 391, 394

(Tex. Crim. App. 1985) ("Special issues are often submitted regarding enhancement allegations and probation eligibility."). In the case at hand, the age of M.L.M., the victim, was one factor that could determine Foster's probation eligibility. *See* former TEX. CODE CRIM. PROC. ANN. art. 42.12, sec. 4(d) (repealed by Acts 2015, 84th Leg., ch. 770 (H.B. 2299) § 3.01, effective January 1, 2017). Although the opinion in *Polk* seems to authorize the type of special issue given here, the Court in *Polk* was not called on to address whether the submission of a special issue of the type given in this case was erroneous. It addressed the methods in which a statutorily required affirmative finding of a deadly weapon may be made. *Id.* at 394. One of the methods authorized by the Court was the submission of a special issue during the punishment phase of the trial. *Id.* Unlike *Polk*, here, there is no statutory requirement of an affirmative finding that a child victim is under 14 years of age at the time the offenses were committed. *See* former TEX. CODE CRIM. PROC. ANN. art. 42.12, sec. 4(d) (repealed by Acts 2015, 84th Leg., ch. 770 (H.B. 2299) § 3.01, effective January 1, 2017) ("a defendant is not eligible for community supervision under this section if the defendant .... (5) is convicted of [indecency with a child] if the victim of the offense was younger than 14 years of age at the time the offense was committed....."). Thus, we do not have the same situation as in *Polk*. Further, the Court of Criminal Appeals has not addressed the significance of its statement since the statement was made.[2]

---

**2.** We understand that trial courts have submitted special issues regarding a victim's age, but no appellate court has reviewed whether those submissions were erroneous. *See Escalante v. State*, No. 03-14-00317-CR, 2016 WL 2343176, 2016 Tex. App. LEXIS 4348 (Tex. App.—Austin Apr. 27, 2016, no pet.) (not designated for publication); *Ruedas v. State*, No. 11-13-00049-CR, 2015 WL 9584002, 2015

Tex. App. LEXIS 13073 (Tex. App.—Eastland Dec. 31, 2015, pet. ref'd) (not designated for publication); *Lindberg v. State*, No. 02-14-00071-CR, 2015 WL 5634425, 2015 Tex. App. LEXIS 10042 (Tex. App.—Fort Worth Sep. 24, 2015, pet. ref'd) (not designated for publication); and *Chavarria v. State*, No. 02-13-00463-CR, 2015 WL 1544204, 2015 Tex. App. LEXIS 3293 (Tex. App.—Fort Worth Apr. 2,

Relying on the Court of Criminal Appeals' opinion in *Harris v. State*, 790 S.W.2d 568 (Tex. Crim. App. 1989), we have held that article 37.07(1)(a)'s language regarding general verdicts is mandatory and that if a submitted special issue is not "constitutionally necessary," the submission is erroneous. *Moore v. State*, No. 10-09-00386-CR, 2010 WL 3272398, at *1–2, 2010 Tex. App. LEXIS 6762, at *4 (Tex. App.—Waco Aug. 18, 2010, pet. ref'd).[3] But, we have not been presented with any authority, and we have found none, that a submission of a special issue regarding the age of a victim is "constitutionally necessary" or statutorily authorized in this case. Accordingly, the submission of the special issue as to Counts II through V was error.

### Harm

■ Because Foster did not object to the charge on this basis, a reversal will be granted only if the error caused egregious harm, meaning Foster did not receive a fair and impartial trial. *Almanza*, 686 S.W.2d at 171. Jury-charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007). For both preserved and unpreserved charging error, the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including contested issues and weight of probative evidence, the argument of counsel, and any other relevant information revealed by the record of the trial as a whole. *Patrick v. State*, 906 S.W.2d 481, 492 (Tex. Crim. App. 1995); *Riggs*, 482 S.W.3d at 273–74. An appellant must have suffered actual harm, not mere-

2015, no pet.) (not designated for publication).

ly theoretical harm. *Sanchez v. State*, 376 S.W.3d 767, 775 (Tex. Crim. App. 2012).

### The Charge

In the punishment charge, the court instructed the jury if the punishment assessed for Counts II-V did not exceed ten years in prison and the jury finds the defendant had never before been convicted of a felony, the jury may place Foster on probation. A general list of terms of probation were then provided in the charge. The court further instructed the jury that Foster could not be granted probation if the victim was under the age of fourteen (14) years at the time of the offenses. Because of these instructions, the jury already knew what factual finding was necessary to recommend or not recommend the placement of Foster on probation. The special issues did not draw the jury's attention to an improper basis for that consideration.

### The Evidence

Foster does not contend the evidence was insufficient to support his conviction. M.L.M.'s age during the assaults was not a hotly contested issue. The State introduced a chart, with no objection from Foster, which assigns an age to each count in the indictment. The chart indicates M.L.M. was 10 years old when Count II occurred, 11 years old when Count III occurred, 12 years old when Count IV occurred, and 13 years old when Count V occurred. Punishment evidence focused on M.L.M.'s ability to cope with the abuse and whether Foster would be a good candidate for probation.

### The Argument

Although M.L.M.'s age was a subject of the State's and Foster's arguments at punishment, it was not the sole focus of either

3. We also recognize the statutorily authorized deadly weapon exception as well. *See Polk v. State*, 693 S.W.2d 391, 394 (Tex. Crim. App. 1985).

argument. During its argument, the State reviewed the special issue with the jury, pointed out evidence which showed M.L.M. was under 14 years old when the indecency offenses occurred, and stated that if the jury found M.L.M. was under the age of 14, Foster would not be eligible for probation. But that was not the only reason given for not recommending Foster for probation. The State also gave other reasons, such as, Foster did not take responsibility for his actions, he committed the offenses over and over again, and M.L.M. should not have to see Foster out in the community. During Foster's argument, counsel questioned whether M.L.M. was under the age of 14 at the time the offenses for Counts II, III, IV, and V occurred but did not place much emphasis on the question. Instead, counsel focused on other means to grant probation, such as giving Foster the proper length of sentence.

*Other Considerations*

Foster argues that he was egregiously harmed by the inclusion of the special issues for three reasons. First he asserts that because there was no unanimity instruction included within the special issue, the jury was allowed to return non-unanimous votes on probation. There is no indication in the record that the punishment assessed was not unanimous. The court's charge to the jury on punishment contained a unanimity instruction. Prior to receiving the verdicts on punishment, the court verified that the verdicts were unanimous. No notes suggesting the jury could not reach unanimous verdicts were issued by the jury during deliberations. With this argument, Foster suggests theoretical, rather than actual, harm.

■ He next asserts that federal courts and other state courts have held special issues to be harmful because individual jurors may have been afraid to vote for probation. We are not persuaded by these authorities, and again, this argument suggests theoretical, rather than actual, harm. Lastly, Foster argues we should use the Rule of Lenity to find egregious harm. The Rule of Lenity requires the adoption of a less harsh interpretation of a penal statute when the statute is subject to different interpretations. *See Cuellar v. State,* 70 S.W.3d 815, 821 (Tex. Crim. App. 2002) (Cochran, J., concurring). It simultaneously saves a statute from being struck down as void for vagueness or overbreadth and ensures that people who rely upon a reasonable interpretation of statutory language are not punished as criminals. *Id.* at 825. This is not the situation we have in this case. There is no question about the interpretation of the statute at issue. Further, the Rule of Lenity is rarely used in Texas. Thus, we decline to use the Rule to find egregious harm.

*Application*

Having considered the error in light of the entire record, we do not find that the submission of the special issues in this case rises to the level of egregious harm.

CONCLUSION

Although we find that the submission of the special issues was erroneous, we do not find the error constituted egregious harm requiring reversal. Accordingly, Foster's sole issue is overruled, and the trial court's judgments regarding Counts II through V are affirmed.