

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-91,683-01

## EX PARTE SEAN JEFFREY FOSTER, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 2015-102-C2A IN THE 54TH DISTRICT COURT FROM MCLENNAN COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of one count of burglary of a habitation, three counts of indecency with a child by contact, and one count of indecency with a child by exposure. He was sentenced to thirty years' imprisonment for the burglary count, fifteen years' imprisonment for each of the indecency by contact counts, and ten years' imprisonment for the indecency by exposure count. The trial court ordered the sentences for each of the indecency with a child counts to run consecutively with each other, and concurrent with the sentence for the burglary count. After granting Applicant's motion to sever the appeal in the burglary count from the appeal in the other counts, the Tenth Court of Appeals affirmed his convictions. *Foster v. State*, No. 10-17-00188-CR (Tex. App. — Waco Sept. 13, 2017) (not designated for publication); *Foster v. State*, 530 S.W.3d 308 (Tex. App. —

Waco 2017) (pet. ref'd). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things,[1] that trial counsel was ineffective because counsel failed to adequately investigate a prior false accusation by the complainant that she had been assaulted by a classmate, failed to properly cross-examine and impeach the complainant using this and other information, and failed to present favorable testimony from three witnesses. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. Specifically, trial counsel shall state whether he investigated the previous accusations by the complainant against a classmate, and whether he believed that evidence of the accusations would be admissible at trial. Trial counsel shall also state whether he considered impeaching the complainant with evidence about her suicide attempt, admissions to her therapist, and bullying behavior in school. Finally, trial counsel shall state whether he was aware of potential witnesses Beate Willis, Carl Sprinkles, and Stacie Conte. If counsel was aware of those potential witnesses, he shall state why he elected not to call them to testify at trial.

In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or

---

[1]This Court has reviewed Applicant's other grounds and finds them to be without merit.

retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* Tex. R. App. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed:   September 16, 2020
Do not publish