

# IN THE
# TENTH COURT OF APPEALS

## No. 10-21-00118-CR

**ALEX ALBERT AGUILAR,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

From the 19th District Court
McLennan County, Texas
Trial Court No. 2019-519-C1

## MEMORANDUM  OPINION

Alex Aguilar appeals from a conviction for the offense of possession of a controlled substance of 4 grams or more but less than 200 grams.  TEX. HEALTH & SAFETY CODE § 481.115(d).  Aguilar complains that his sentence exceeds the lawful range for the offense for which he was found guilty in the jury charge, that the trial court abused its discretion by admitting evidence of an extraneous offense for all purposes when the State had

offered it for a limited purpose, and that the trial court abused its discretion by admitting the extraneous offense into evidence for any purpose. Because we find no reversible error, we affirm the judgment of the trial court.

**BACKGROUND FACTS**

A traffic stop of a vehicle driven by Aguilar was initiated by a game warden. There was a strong smell of marihuana coming from Aguilar's vehicle when the game warden made initial contact with Aguilar. A passenger was sitting in the front seat. After the game warden asked them about whether or not they had drugs in the vehicle, the passenger admitted to using marihuana, removed a marihuana pipe and baggie from her purse which contained marihuana residue, and gave them to the game warden.

Aguilar exited the vehicle but the passenger remained in the vehicle. The game warden then ascertained that Aguilar had an outstanding warrant.

While Aguilar remained by the game warden's vehicle, the game warden again approached the driver's side door of Aguilar's vehicle and observed a wooden spoon and a black bag on the driver's seat. The wooden spoon was later found to have traces of methamphetamine on it. The black bag contained a digital scale. The game warden also observed a plastic baggie sticking out from a panel running along the center console on the driver's side of the vehicle near the gas pedal. The game warden removed the panel and removed the plastic baggie which contained a white substance. The white substance in the baggie was later determined to have contained approximately 8.81 grams of

methamphetamine.

The game warden asked Aguilar if the white substance was his or the passenger's and eventually Aguilar admitted that the methamphetamine was his, as was the marihuana and pipe in the passenger's purse. Aguilar attempted to establish that he admitted that the drugs were his only because the game warden was threatening to also arrest the passenger for possession of the drugs. The passenger was not arrested, but Aguilar was arrested for the outstanding warrant and possession of the drugs because they were found on his side of the vehicle and Aguilar admitted that the drugs were his.

Aguilar attempted to establish that the game warden's investigation at the scene was faulty, even though the game warden had 10 years' experience as a patrol officer. The game warden's coat mistakenly covered the lens on his body camera, so only the audio portion of the traffic stop and arrest was available. The game warden did not take still photographs of the contraband as he found it in the vehicle, did not check the digital scale to determine if it had been used in a manner that would indicate that it was used for the distribution of drugs, did not seize Aguilar's cell phone, did not search the vehicle for other evidence of drug distribution such as smaller baggies or a ledger, and left the passenger alone in the vehicle unobserved for several minutes during his questioning of Aguilar before the baggie containing the methamphetamine was found and removed from the vehicle.

Aguilar was indicted and tried for possession of a controlled substance,

methamphetamine, with the intent to distribute in an amount of 4 grams or more but less than 200 grams. The jury did not find Aguilar guilty of that offense but did find him guilty of the lesser-included offense of possession of methamphetamine.

**IMPROPER SENTENCE**

In his first issue, Aguilar complains that the trial court erred in sentencing him for the second-degree offense of possession of a controlled substance in an amount of 4 grams or more but less than 200 grams enhanced to a first-degree punishment range because the lesser-included offense allegation in the jury charge on the page signed by the presiding juror that set forth the jury's verdict did not include a finding of any amount of a controlled substance. Aguilar was indicted and tried for the offense of possession with the intent to deliver an amount of 4 grams or more but less than 200 grams of methamphetamine. The application paragraphs of the jury charge included the amounts as necessary to convict Aguilar of the indicted offense and the lesser-included offense, stating as follows:

> Now, if you find from the evidence beyond a reasonable doubt that in McLennan County, Texas, on or about the 29th day of December, 2018, the Defendant, Alex Albert Aguilar, did then and there knowingly possess, with intent to deliver a controlled substance, namely, Methamphetamine, in an amount of 4 grams or more but less than 200 grams, then you will find the Defendant guilty as charged in the indictment.
>
> Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, then you will acquit the Defendant of the offense of Possession of a Controlled Substance with Intent to Deliver, namely, Methamphetamine, and say by your verdict "Not Guilty"; and next consider the lesser included offense of Possession of a Controlled

Substance, namely, Methamphetamine in an amount of 4 grams or more but less than 200 grams.

* * *

Now, if you find from the evidence beyond a reasonable doubt that in McLennan County, Texas, on or about the 29th day of December, 2018, the Defendant, Alex Albert Aguilar, did then and there knowingly possess a controlled substance, namely, Methamphetamine, in an amount of 4 grams or more but less than 200 grams, then you will find the Defendant guilty of *the lesser-included offense of Possession of a Controlled Substance*. (emphasis added).

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the Defendant and say by your verdict "Not Guilty."

However, the written verdict page did not refer to the amount of the controlled substance,

stating only a summary reference to the application paragraphs as follows:

We, the jury, find the Defendant, Alex Albert Aguilar, guilty of the offense of Possession of a Controlled Substance with Intent to Deliver, namely, Methamphetamine, as alleged in the indictment.

_____
Presiding Juror

* * *

We, the jury, find the Defendant, Alex Albert Aguilar, guilty of *the lesser included offense of Possession of a Controlled Substance*, namely, Methamphetamine. (emphasis added).

/s/ Presiding Juror
Presiding Juror

* * *

We, the jury, find the Defendant, Alex Albert Aguilar, not guilty.

_____
Presiding Juror

The jury found Aguilar guilty of the lesser-included offense of possession of a controlled substance, as indicated by the presiding juror's signature below the second paragraph of the verdict form in the jury charge. Aguilar argues that because the portion of the charge containing the jury's verdict did not include the amount of the controlled substance he was alleged to have possessed, he was convicted only of the lowest amount possible, less than one gram, which is a state jail felony offense. TEX. HEALTH & SAFETY CODE § 481.115(b).

The State agrees that the jury charge was erroneous but disagrees with Aguilar's argument that he was necessarily found guilty of the state-jail felony offense of possession of a controlled substance. The State argues that the error should be reviewed as jury charge error, and as such, should be reviewed for egregious harm pursuant to *Almanza* because no objection was made to the jury charge on this basis. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). The State further contends that, although the verdict form was erroneous, Aguilar was not egregiously harmed by the error because the evidence presented at trial was not disputed as to the amount of methamphetamine found, which was 8.81 grams. The State further argues that the only disputes at trial were whether Aguilar or the passenger in the vehicle was the person in possession of the methamphetamine and whether the methamphetamine was for personal use rather than

for distribution.

While we do not necessarily agree with the State that there was an error in the jury charge, we do agree with the State that the alleged error, if any, is that the verdict form in the jury charge was erroneous in that the paragraph containing the finding of guilt by the jury of the lesser-included offense of possession of methamphetamine did not include the amount of the methamphetamine possessed and the error, if any, should be reviewed as a complaint of jury charge error.

JURY CHARGE ERROR

The verdict form is part of the court's charge. *Jennings v. State*, 302 S.W.3d 306, 307 (Tex. Crim. App. 2010). We review alleged jury charge error in two steps; first, we determine whether error exists, and, if so, we then evaluate whether sufficient harm resulted from the error to require reversal. *Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015); *Ngo v. State*, 175 S.W.3d 738, 743-44 (Tex. Crim. App. 2005). The degree of harm required for reversal depends on whether the jury charge error was preserved in the trial court. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). When the defendant fails to object or states that there is no objection to the charge, we will not reverse for jury charge error unless the record shows the defendant has suffered egregious harm. *See Ngo*, 175 S.W.3d at 743-44. Because the State has conceded error, we will assume without deciding that there was charge error and proceed to evaluate the harm.

Charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *See Almanza*, 686 S.W.2d at 171; *see also Allen v. State*, 253 S.W.3d 260, 264 (Tex. Crim. App. 2008). Egregious harm is a "high and difficult standard" to meet, and such a determination must be "borne out by the trial record." *Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013). On appeal, neither party bears the burden of showing harm or a lack thereof under this standard. *Warner v. State*, 245 S.W.3d 458, 464 (Tex. Crim. App. 2008). In examining the record to determine whether charge error has resulted in egregious harm to a defendant, we consider (1) the entirety of the jury charge, (2) the state of the evidence, including the contested issues and weight of probative evidence, (3) the arguments of counsel, and (4) any other relevant information revealed by the trial record as a whole. *Almanza*, 686 S.W.2d at 171.

ENTIRETY OF THE JURY CHARGE

Outside of this singular error, neither party contends that the jury charge was erroneous in any way. The only amounts of methamphetamine the jury charge allows the jury to consider is 4 grams or more but less than 200 grams, including the application paragraph for the offense of which the jury found him guilty. No lesser-included offense for possession of less than 4 grams of a controlled substance was requested or included in the jury charge. The last application paragraph stated that if the jury did not believe beyond a reasonable doubt that Aguilar possessed the 4 grams or more but less than 200

grams of methamphetamine, then they were to find him not guilty. The entirety of the jury charge does not support a finding of egregious harm.

THE STATE OF THE EVIDENCE

Aguilar contends that the evidence was such that the jury could have found that he only possessed the spoon that contained trace amounts of methamphetamine which was found on the driver's seat where he was sitting when the traffic stop was initiated, and therefore, the jury could have found that he did not possess 4 grams or more but less than 200 grams of methamphetamine. However, Aguilar admitted to the game warden that the baggie that contained the 8.81 grams of methamphetamine was his, and the questions advanced by Aguilar at trial surrounded the issue of whether Aguilar or his passenger knowingly possessed the methamphetamine that was found on the driver's side of Aguilar's vehicle that Aguilar was driving at the time of the traffic stop or whether the amount of methamphetamine found in the baggie was for personal use or intended for distribution. The state of the entirety of the evidence does not support a finding of egregious harm.

ARGUMENTS OF COUNSEL

Aguilar did not advance any argument at trial that the only amount of methamphetamine he possessed, if any, was the methamphetamine residue found on the spoon. Aguilar's arguments were limited to whether the methamphetamine was in fact, knowingly possessed by him and whether the state proved beyond a reasonable doubt

that the 8.81 grams of methamphetamine was intended for distribution. Aguilar was clearly successful in his argument as to personal use versus distribution, as he was found guilty of the lesser-included offense of merely possessing the methamphetamine. The arguments of counsel do not support a finding of egregious harm.

OTHER RELEVANT INFORMATION REVEALED BY THE RECORD AS A WHOLE

The record shows that Aguilar did not ask for a lesser-included instruction to be included in the jury charge for a lesser amount of methamphetamine. Additionally, because the verdict form itself does not provide any instructions to the jury, and it is instead the court's application paragraphs where the jury is properly instructed on how to apply the law as given, we generally presume that the jury followed the trial court's instructions as given, and we will not reverse in the absence of evidence that the jury was actually confused by the charge. *See Sutton v. State*, No. 12-19-00211-CR, 2020 Tex. App. LEXIS 3394 at *15 (Tex. App.—Tyler Apr. 22, 2020, no pet.) (mem. op.). The instructions in the application paragraph included the amounts that were alleged in the indictment and the evidence at trial and limited the jury to finding only the amount of 4 or more but less than 200 grams of methamphetamine in order to find Aguilar guilty of any offense, and nothing in the record shows that the jury did not follow those instructions or was confused by them. The other relevant information does not support a finding of egregious harm.

RULE OF LENITY

Aguilar argues that the Rule of Lenity supports his argument that he should be sentenced for the lowest offense level allowed for the possession of methamphetamine because the verdict form erroneously did not contain a specific amount of methamphetamine. The Rule of Lenity requires the adoption of a less harsh interpretation of a penal statute when the statute is subject to different interpretations. *See Cuellar v. State*, 70 S.W.3d 815, 821 (Tex. Crim. App. 2002) (Cochran, J., concurring). It simultaneously saves a statute from being struck down as void for vagueness or overbreadth and ensures that people who rely upon a reasonable interpretation of statutory language are not punished as criminals. *Id*. at 825. This is not the situation we have in this case. There is no question about the interpretation of the statute at issue. Further, the Rule of Lenity is rarely used in Texas. Thus, we decline to use the Rule of Lenity in our evaluation of harm resulting from the alleged jury charge error. *See Foster v. State*, 530 S.W.3d 308, 313 (Tex. App.—Waco 2017, pet. ref'd).

CONCLUSION AS TO ISSUE ONE

Using the standards in *Almanza* for the determination of egregious harm, we do not find that the record supports a determination that Aguilar was egregiously harmed by the alleged error, if any, in the verdict form. We overrule Aguilar's first issue.

**FAILURE TO GIVE LIMITING INSTRUCTION**

In his second issue, Aguilar complains that the trial court abused its discretion by

admitting evidence of a prior extraneous offense without limitation which had been offered by the State for limited purposes and erred by not giving a limiting instruction to the jury. The State offered a prior conviction of Aguilar for the offense of possession of a controlled substance, methamphetamine, with the intent to distribute for the limited purpose of rebuttal of the defensive issues of Aguilar not being the person in possession, knowledge, and intent. Aguilar objected to the admission of the prior conviction pursuant to Rule 404(b) of the rules of evidence. The trial court overruled Aguilar's objection and admitted the evidence, stating: "that objection is overruled and 10 is admitted and can be published." Aguilar did not ask the trial court to give a limiting instruction when the evidence was admitted. A limiting instruction was included in the jury charge as to the extraneous offense.

Aguilar contends that because the State specifically limited the purpose for which it was seeking to introduce the evidence, the trial court erred by admitting the evidence for all purposes and not giving a limiting instruction even in the absence of a request. "Once an extraneous act has been ruled admissible, the jurors must be instructed about the limits on their use of that extraneous act if the defendant so requests." *Ex parte Varelas*, 45 S.W.3d 627, 631 (Tex. Crim. App. 2001). When the State is permitted to introduce evidence of a defendant's extraneous acts for a limited purpose, the defendant has the burden of requesting an instruction limiting consideration of those acts. *Id*.; *see also* TEX. R. EVID. 105(b)(1). "[W]hen a limiting instruction is given, the trial judge, upon request,

should instruct the jury that the evidence is limited to whatever specific purpose the proponent advocated." *Taylor v. State*, 920 S.W.2d 319, 323 (Tex. Crim. App. 1996). However, if the defendant fails to request a limiting instruction at the time evidence is admitted, then the jury may consider the evidence for all purposes, including character conformity. *See Delgado v. State*, 235 S.W.3d 244, 251 & n.27 (Tex. Crim. App. 2007). Because Aguilar did not ask for a limiting instruction when the evidence was admitted, on appeal he cannot complain of the trial court's failure to give the instruction. *See* TEX. R. EVID. 105(b)(1). We overrule issue two.

**ADMISSION OF EVIDENCE**

In his third issue, Aguilar complains that the trial court abused its discretion by admitting the evidence of the prior conviction pursuant to Rule of Evidence 404(b) because he did not raise any defensive theories during direct- or cross-examination which would allow for the State to rebut those theories. The State alleged that Aguilar had raised the defensive theory of not possessing the drugs with the intent to distribute them rather possessing them for personal use during voir dire. During voir dire, Counsel for Aguilar asked the venire panel a series of questions about what constitutes possession, such as driving someone else's car that contains drugs or holding a purse that contains drugs where the driver or person holding the purse do not know what is in the car or purse. Counsel for Aguilar also questioned the venire panel as to how much of an item a person would have for personal use versus for sale to others, such as products bought

in bulk.

The State offered the prior conviction prior to opening statements based on the questions asked during voir dire, but the evidence was not presented to the jury until immediately prior to the State resting its case-in-chief, at which time Aguilar re-urged his objection pursuant to Rule 404(b) and the trial court again overruled Aguilar's objection.

We review a trial court's ruling on the admissibility of evidence under an abuse of discretion standard and will uphold the trial court's ruling if it was within the zone of reasonable disagreement. *Wells v. State*, 611 S.W.3d 396, 427 (Tex. Crim. App. 2020).

Rule 404(b) prohibits the use of evidence of a crime, wrong, or other act to prove a person's character to show that a person acted in accordance with the character on a particular occasion. TEX. R. EVID. 404(b)(1). The rule provides that the evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id*. 404(b)(2). One well-established rationale for admitting evidence of extraneous misconduct is to rebut a defensive theory that negates one of the elements of the offense. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009).

Defensive theories presented during voir dire, opening statement, and during cross-examination can open the door to extraneous offense evidence. *Dabney v. State*, 492 S.W.3d 309, 318 (Tex. Crim. App. 2016); *Powell v. State*, 63 S.W.3d 435, 439 (Tex. Crim. App. 2001). Because the disputed evidence rebutted Aguilar's defensive theories raised

during voir dire and later during cross-examination, it had relevance other than character conformity, and the trial court did not, therefore, abuse its discretion in admitting the testimony about the prior conviction. We overrule issue three.

**CONCLUSION**

Having found no reversible error, we affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
Affirmed
Opinion delivered and filed March 1, 2023
Do not publish
[CRPM]

